In the Matter of the Compensation of
Edwin E. Nowak, Claimant.

Edwin E. NOWAK,
*Petitioner,*

*v.*

SAIF CORPORATION
and Cobra Development,
*Respondents.*

(91-14275; CA A77070)

855 P2d 1168

Darrell E. Bewley, Salem, argued the cause for petitioner. With him on the brief was Vick and Gutzler, Portland.

Michael Whitty, Special Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

ROSSMAN, P. J.

## ROSSMAN, P. J.

Claimant seeks review of an order of the Workers' Compensation Board affirming the referee's dismissal of his request for hearing on the ground that it was untimely. We affirm.

■■ By a May, 1989, determination order, claimant received an award for a compensable injury to his neck and right arm. The determination order stated that claimant had become medically stationary on April 11, 1989. He was eligible for vocational assistance, and enrolled in an authorized training program which ended December 14, 1990, when he found suitable employment. The Evaluation Section issued a second determination order on March 29, 1991, reducing claimant's unscheduled award from 16 percent to 12 percent. The order notified claimant in bold type:

"FOR A PERIOD OF 180 DAYS AFTER THE MAILING DATE OF THIS ORDER YOU HAVE A RIGHT TO REQUEST A RECONSIDERATION OR A HEARING."

The order did not state claimant's medically stationary date.

Before it was amended in 1990, ORS 656.268(4) permitted the claimant to request a redetermination by the Department of Insurance and Finance (DIF). Alternatively, the claimant could seek a hearing. In 1990, the legislature amended ORS 656.268 to *require* that claimants seek reconsideration of the determination order by DIF before requesting a hearing. Subsection (4)(e) provides:

"If a worker objects to the notice of closure, the worker first must request reconsideration by the department under this section."

The amended statute is applicable to workers who become medically stationary on or after July 1, 1990. Or Laws 1990, ch 2, § 54. Because claimant became medically stationary on April 11, 1989, he was required to follow the procedures under the former version of ORS 656.268.

Claimant sought reconsideration of the determination order by DIF, sending the request to the Appellate Unit. The Appellate Unit issued an order dismissing the request, on the ground that it lacked jurisdiction, because claimant had become medically stationary before July 1, 1990, and, hence,

was subject to the law in effect before that date, which made no provision for requesting reconsideration *by the Appellate Unit*. Claimant requested a hearing, and the referee dismissed the request on the ground that it had not been made within 180 days from the date of issuance of the determination order. The Board affirmed the dismissal of the request for hearing.

Under both the former and present versions of the statute, claimant was required to request a hearing within 180 days of the notice of closure, not counting the time from the request for redetermination until redetermination. Here, claimant requested a hearing within 182 days from the determination order, not counting the time from the date he requested reconsideration by the Appellate Unit of DIF to the time the Appellate Unit dismissed his request. Thus, assuming, without deciding, that claimant's request for reconsideration to the Appellate Unit would have been proper under the former version of ORS 656.268, his request for hearing is nonetheless untimely, because it was not filed within 180 days of the determination order.

Claimant contends that, because the determination order failed to advise him of his medically stationary date, he had no basis to know whether the former or the present version of ORS 656.268 was applicable, and, therefore, no means of knowing which appeal process was available to him. He contends, accordingly, that the determination order does not comply with the provisions of ORS 656.270 regarding what is to be contained in a determination order and is a nullity. ORS 656.270 provides that a determination order must contain

"a notice in capital letters and boldface type that informs the parties of the proper manner in which to proceed if they are dissatisfied with the determination or closure. The notice shall include information on the rights and duties of the parties to obtain reconsideration and hearing on the determination or closure, the right of the worker to consult with the ombudsman for injured workers and of the right of the worker to be represented by an attorney. The notice also may include such other relevant information as the director prescribes."

The determination order correctly advised claimant of his right, under the former version of ORS 656.268, to seek redetermination or to request a hearing. It was not necessary under the statute for the order to advise claimant of his medically stationary date.

Affirmed.